U.S. Bank N.A. v Armand (2023 NY Slip Op 05415)

U.S. Bank N.A. v Armand

2023 NY Slip Op 05415

Decided on October 25, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 25, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
CHERYL E. CHAMBERS
ROBERT J. MILLER, JJ.

2019-03743
2019-10390
2019-10686
 (Index No. 69087/15)

[*1]U.S. Bank National Association, etc., respondent,
v
Nelcida Armand, appellant, et al., defendants.

Marie A. Normil, Freeport, NY, for appellant.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Daniel S. LoPresti of counsel), for respondent.
In an action to foreclose a mortgage, the defendant Nelcida Armand appeals from (1) an order of the Supreme Court, Westchester County (Gerald E. Loehr, J.), dated January 25, 2019, (2) an order of the same court dated August 8, 2019, and (3) an order of the same court also dated August 8, 2019. The order dated January 25, 2019, insofar as appealed from, in effect, denied that defendant's motion pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction, granted that branch of the plaintiff's motion which was pursuant to CPLR 306-b to extend the time to serve that defendant with the summons and complaint, and denied that branch of that defendant's cross-motion which was pursuant to CPLR 306-b to dismiss the complaint insofar as asserted against her. The first order dated August 8, 2019, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Nelcida Armand, to strike that defendant's answer, and for an order of reference, and denied that defendant's cross-motion for summary judgment dismissing the complaint insofar as asserted against her and for an award of attorneys' fees pursuant to Real Property Law § 282. The second order dated August 8, 2019, insofar as appealed from, granted the same relief to the plaintiff and referred the matter to a referee to compute the amount due to the plaintiff.

DECISION & ORDER
Motion by the plaintiff to dismiss the appeals from the orders on the ground that the right of direct appeal therefrom terminated with the entry of an order and judgment of foreclosure and sale in the action. By decision and order on motion dated January 21, 2022, the motion was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and no papers having been filed in opposition or in relation thereto, and upon the argument of the appeals, it is
ORDERED that the motion is granted; and it is further,
ORDERED that the appeals are dismissed, without costs or disbursements.
The appeals from the order dated January 25, 2019, and the orders dated August 8, 2019, must be dismissed because the right of direct appeal therefrom terminated with the entry of an order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]; U.S. Bank N.A. v Armand, ___ AD3d ___ [Appellate Division Docket No. 2020-9744; decided herewith]).
BARROS, J.P., IANNACCI, CHAMBERS and MILLER, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court